IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| LUIS ORTEGA FIGUEROA | CASE NO. 08-08769 BKT |
| DIGNA RIZO ROCHA | Chapter 13 |
| XXX-XX-7415 | |
| XXX-XX-2764 | |
| | FILED & ENTERED ON 02/17/2011 |
| Debtors | |

## DECISION AND ORDER

This proceeding is before the Court upon the Debtors' motion for summary judgment [Dkt. No. 95], and General Electric Capital of Puerto Rico's ("GECC") opposition to the Debtor's motion for summary judgment [Dkt. No. 100].

## I. FACTUAL BACKGROUND

The Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.*, on December 22, 2008. On February 4, 2009, GECC submitted a proof of claim with two security agreements and a financing statement attached, all of which purporting to secure the debt owed to GECC by the Debtors. One of the security agreements refers to a "2000 Manitex Boom Crane, Model number 2592" ("the crane"), and the other refers to a truck which has apparently been damaged and returned to GECC. Only the financing statement, which describes the crane as the sole collateral securing the Debtors' obligation to GECC, was filed with the Department of State.

1

## II. LEGAL DISCUSSION AND ANALYSIS:

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party. In re Rijos, 263 B.R. 382, at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Id.

In this case, there are no material facts in dispute, the financing agreement included in the opposition to summary judgment clearly indicates that the *crane* is the only collateral securing the debt in question. [P. 18 - Dkt. No. 100]. Therefore, the Court hereby orders the parties to stipulate to

an agreed value for the crane, and inform the Court at the Confirmation hearing set for 02/24/11, or an evidentiary hearing will be scheduled to determine the same.

**SO ORDERED.**

San Juan, Puerto Rico this 17 day of February, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

3